# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM N. EARNSHAW and HELEN A. EARNSHAW, | NO. 3:19-CV-1479 |
| Plaintiffs, | (JUDGE CAPUTO) |
| v. | |
| CHESAPEAKE APPALACHIA, L.L.C. and EQUINOR USA ONSHORE PROPERTIES, INC. f/k/a USA ONSHORE PROPERTIES, INC., | |
| Defendants. | |

## **MEMORANDUM**

Presently before me is the Motion to Dismiss Counts I-II of the Complaint (Doc. 6) filed by Defendants Chesapeake Appalachia, L.L.C. ("Chesapeake") and Equinor USA Onshore Properties, Inc. ("Equinor") (collectively, where appropriate, "Defendants"). In support of their motion, Defendants submit, *inter alia*, an oil and gas well production report to support their position that the Lease was held by production. As a result, Defendants conclude that the declaratory judgment claim in Count I and the trespass claim in Count II fail as a matter of law. Plaintiffs William N. Earnshaw and Helen A. Ernshaw (collectively, where appropriate, "Plaintiffs") object to Defendants' attempt to interject the well production report at this stage of the litigation. Because the truth of the contents of that report cannot be considered on a 12(b)(6) motion, Defendants' motion to dismiss will be denied.

## I. Background

The facts as alleged in the Complaint are as follows:

William and Rosemary Shoemaker (the "Shoemakers") were owners of certain parcels of property (the "Property") in the Township of Mehopany in Wyoming County, Pennsylvania. (*See* Compl., ¶ 11). On October 12, 2007, the Shoemakers

entered into an Oil and Gas Lease (the "Lease") with Magnum Land Services, LLC ("Magnum"). (*See id*. at ¶ 12 & Ex. "B"). Magnum assigned all of its rights, title and interest in and under the Lease to Chesapeake. (*See id*. at ¶ 13). Chesapeake subsequently assigned an interest in the Lease to Equinor. (*See id*. at ¶ 14). Chesapeake and Equinor are currently the only lessees under the Lease. (*See id*.). On or about September 14, 2011, the Shoemakers sold, transferred, and conveyed a portion of the Property to Plaintiffs. (*See id*. at ¶ 15 & Ex. "C").

The original primary term of the Lease was for a period of five (5) years, which expired on October 11, 2012. (*See id*. at ¶ 16; *see also id*. at Ex. "B", ¶ 5). The pertinent Lease language provides:

> This lease shall continue in force and the rights granted hereunder be quietly enjoyed by the Lessee for a term of five (5) years and so much longer thereafter as oil gas and/or coalbed methane gas or their constituents are produced or are capable of being produced on the premises in paying quantities in the judgment of the Lessee or as the premises shall be operated by the Lessee in the search for oil gas and/or coalbed methane gas and as provided in Paragraph 7 following.

(*Id*. at Ex. "B", ¶ 5). Prior to the expiration of the primary term, Defendants exercised their rights under Paragraph 19 of the Lease and extended it for an additional five (5) years. (*See* Doc. 1, ¶ 16; *see also id*. at Ex. "B", ¶ 19 ("This Lease may at Lessee's option be extended as to all or part of the lands covered hereby for one additional primary term of five (5) years commencing on the date that the lease would have expired but for the extension.")). After the extension of the original primary term of the Lease, "Defendants failed to comply with the terms of the Lease and as such, the Lease expired by its own terms on October 11, 2017." (*Id*. at ¶ 16). Specifically, Defendants attempted to "hold the Lease by production" by violating the terms of the Lease, namely, the Lease's unitization provision. (*See id*. at ¶ 17 & Ex. "B", ¶ 8).

Based on the foregoing, Plaintiffs commenced this action by filing a Complaint against Chesapeake and Equinor on August 1, 2019 in the Court of Common Pleas of Wyoming County, Pennsylvania. (*See* Doc. 1, Ex. "A"). The Complaint contains

2

three causes of action: (1) declaratory judgment (Count I); unlawful trespass on land (Count II); and breach of contract pled in the alternative (Count III). (*See id.*).

On August 26, 2019, Defendants removed the action to this Court on the basis of diversity of citizenship. (*See* Doc. 1, *generally*). Defendants subsequently filed the instant motion to dismiss Counts I and II of the Complaint. (*See* Doc. 6, *generally*). The motion to dismiss has been fully briefed and is now ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

3

## III. Discussion

As stated, Defendants seek dismissal of the first two Counts of the Complaint. With their motion, Defendants submitted three documents: (1) a lease modification; (2) a declaration and notice of pooled units; and (3) an oil and gas well production report. (*See* Doc. 6, Exs. "A"-"C"). Plaintiffs do not object to Defendants' submission of the lease modification or the declaration and notice of pooled units with the present motion because those documents are executed, notarized, and publically filed in Wyoming County, Pennsylvania. (*See* Doc. 15, 6-7). Conversely, Plaintiffs say that the oil and gas well production report should not be considered in evaluating the motion to dismiss because "these DEP filings are not the type of document[s] that can be relied upon by a party in support of a Rule 12(b)(6) Motion." (*Id.* at 7-8). Defendants reply to that point by noting that a court "may consider 'matters of public record' such as 'published reports of administrative bodies' in deciding a motion to dismiss." (Doc. 18, 4 n.2).

The motion to dismiss will be denied. In the Complaint, Plaintiffs allege that the primary term of the Lease expired on October 11, 2012. (*See* Compl., ¶ 16). Defendants exercised their option under the Lease to extend it for an additional five (5) year term. (*See id.*). And, because Defendants did not comply with the terms of the Lease, Plaintiffs aver that the lease expired by its own terms on October 11, 2017. (*See id.*).

Defendants dispute that the Lease expired on October 11, 2017. (*See* Doc. 9,10; Doc. 18, 4). According to Defendants, the Lease was held by production, which commenced in or about April 2017. (*See id.*). These facts, though, are not pled in the Complaint. (*See* Compl., *generally*). Instead, Defendants cite the oil and gas well production report, which they argue can be considered on a motion to dismiss because it is a public record. (*See* Doc. 18, 4 n.2).

Defendants' motion cannot be granted on this ground. For one, I am unable to read the document in its present form. While I have no reason to doubt that the report

says what Defendants represent, I am simply unable to confirm this from the document of record.

More importantly, though, Defendants' attempt to use the well production report to establish when production commenced is improper on a motion to dismiss. "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citation and quotation omitted). Courts may also consider documents that are "integral to or explicitly relied upon in the complaint" in ruling on a 12(b)(6) motion. *Id*. The well production report is not integral to or expressly relied upon by Plaintiffs in the Complaint, so it cannot be considered on that basis.

Instead, Defendants argue that the well production report is properly evaluated here because it is a "public record." Even if Defendants are right on this point that the well production report qualifies as a public record,[1] Defendants' motion is predicated not on the existence of the report but rather the truth of the contents contained therein, *i.e.*, that the well was producing gas by April 2017. However, when considering a public record on a motion to dismiss, the record can only be considered for its existence, not for the truth of the facts contained therein. *See Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004), *abrogated on other grounds by Twombly*, 550 U.S. at 557, 127 S. Ct. 1955, *as recognized in In re Lipitor Antitrust Litig.*, 868 F.3d 231, 249 (3d Cir. 2017); *see also Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000)

---

[1] To be sure, "published reports of administrative bodies" qualify as public records for consideration on a motion to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1199 (3d Cir. 1993). But as Plaintiffs point out, the Pennsylvania Department of Environmental Protection specifically states: "all production data is posted as it was received from the well operator"; "DEP does not independently verify the data before it is posted"; and "DEP makes no claims, promises or guarantees regarding the accuracy, completeness or timeliness of the operators' data that DEP is required to post." (Doc. 15, Ex. "1").

(explaining that courts may take judicial notice of SEC filings only to determine what those documents stated, not for their truth); *Lupin Atlantis Holdings v. Ranbaxy Labs., Ltd.*, No. 10-3897, 2011 WL 1540199, at *3 n.8 (E.D. Pa. Apr. 21, 2011) ("Our Court of Appeals has regularly held that a district court, in ruling on a motion to dismiss under to Rule 12(b)(6), can only consider materials outside the pleadings to establish the truth of their existence, not the truth of their contents."). Accordingly, the well production report cannot be considered for the truth of its contents.

Defendants' motion to dismiss the declaratory judgment and trespass claims must therefore be denied. Specifically, their motion is dependent upon the truth of the facts contained in the well production report. In other words, Defendants' contention is that the declaratory judgment and trespass claims fail as a matter of law because the production of gas commencing in April 2017 extended the Lease, thereby negating any right to relief Plaintiffs had with respect to these Counts. But, this would impermissibly require the content of the well production report being accepted as true. Because I cannot do so, Counts I and II of the Complaint will not be dismissed on the instant 12(b)(6) motion.

## IV. Conclusion

For the above stated reasons, the motion to dismiss will be denied.

An appropriate order follows.

December 23, 2019  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge